The People of the State of New York,
against
Relwinde Quedraogo, Defendant-Appellant.



In consolidated appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Shawndya L. Simpson, J.), rendered January 10, 2011, convicting him, after a nonjury trial, of unlicensed general vending, and imposing sentence and (2) a judgment (same court and Judge), rendered January 10, 2011, convicting him, upon his plea of guilty, of unlicensed general vending, and imposing sentence.




Per Curiam.
Judgments of conviction (Shawndya L. Simpson, J.), each rendered January 10, 2011, affirmed. 
The accusatory instruments underlying these criminal prosecutions were not jurisdictionally defective. The informations - comprising the misdemeanor complaints and supporting depositions of the arresting police officers - each alleged, in sum and substance, that at a specified time and public location, defendant, without the requisite license, displayed and offered to sell certain merchandise [six watches under docket number 2009NY069962 and two handbags under docket number 2010NY075047] to various individuals. These allegations established reasonable cause to believe and a prima facie case that defendant was guilty of unlicensed general vending (see Administrative Code of City of NY § 20-453; People v Kasse, 22 NY3d 1142 [2014]; People v Kellman, 53 Misc 3d 145[A], 2016 NY Slip Op 51575[U] [App Term, 1st Dept 2016]).
The court properly denied defendant's suppression motion under docket number 2009NY069962. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Martin, 112 AD3d 453, 454 [2013]). The arresting officer's observations of the defendant's conduct, including his display, to a group of passersby, of a watch from a bag of watches, which he "quickly" threw back into the bag when he saw the officer approach, established probable cause for defendant's arrest. The suppression court also properly declined to suppress defendant's spontaneous and voluntary statement to the police officer that he was "sorry" (see People v Acosta, 132 AD3d 466, 466 [2015], lv denied 27 NY3d 990 [2016]). The verdict convicting defendant of unlicensed general vending under the same docket number was supported by legally [*2]sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Again, no basis is shown to disturb the court's determinations concerning credibility.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: May 10, 2017